UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH C.,<br><br>    Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | CASE NO. C23-5166-BAT<br><br>**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE** |

Plaintiff appeals the denial of his applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DI). He contends the ALJ erred by (1) misevaluating the medical evidence; (2) misevaluating plaintiff's testimony; (3) misevaluating the lay evidence from plaintiff's sister and an SSA interviewer; and (4) improperly assessing residual functional capacity ("RFC") and employing an erroneous RFC to misevaluate step five of the sequential analysis. Dkt. 16. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 38 years old, has a high-school education, and has worked as a cashier checker. Tr. 105, 114–15, 547. He filed for DI benefits in December 2012 and for SSI benefits in May 2014, and during the hearing before the ALJ amended his onset date of disability

to December 25, 2012. Tr. 247, 562–63, 840. In 2021, this Court granted the parties' motion to vacate and remand the original ALJ's decision based on an Appointments Clause question. Order, *Cochran v. Commissioner of Social Security*, C17-5974-MAT (W.D. Wash. June 15, 2021), Dkt. 28; *see Carr v. Saul*, 141 S. Ct. 1352 (2021) (holding plaintiffs can timely challenge upon appeal to the district court whether the ALJs who heard their claims were properly appointed under the Appointments Clause).

On remand, the ALJ conducted a hearing in September 2022 and issued a November 2022 decision. Tr. 526–48, 558–98. The ALJ found plaintiff meets the insured status requirements of the Social Security Act through June 30, 2013, and has not engaged in substantial gainful activity since the alleged onset date of December 25, 2012. Tr. 531. The ALJ determined plaintiff has the severe impairments of obesity, depression, anxiety, and avoidant personality disorder, though none of these impairments, singly or in combination, meets or medically equals the severity of the listed impairments. Tr. 532–36. The ALJ determined plaintiff has the RFC to perform light work with additional physical, postural, environmental, mental, and social restrictions. Tr. 536. The ALJ found plaintiff cannot perform any past relevant work. Tr. 547. At step five of the sequential evaluation, the ALJ found, however, there are jobs that exist in significant numbers in the national economy plaintiff can perform. Tr. 547–48. The ALJ therefore found plaintiff to be not disabled. Tr. 548. The ALJ's decision is the Commissioner's final decision and this appeal followed.

**DISCUSSION**

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account

of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Although plaintiff advances a plausible interpretation of the medical evidence and testimony, he has not demonstrated the ALJ's decision is unsupported by substantial evidence, is the result of harmful legal error, or is based on an unreasonable interpretation of the medical evidence.

**1. Medical Evidence**

Plaintiff contends the ALJ should have given more weight to the medical opinions of examining psychologists Kimberly Wheeler, Ph.D., Keith J. Krueger, Ph.D., and Terilee Wingate, Ph.D., and of treating nurse practitioner Ciara N. Smith, ARNP, as well as the non-examining, reviewing psychologists Faulter Colby, Ph.D., Brian VanFossen, Ph.D., and Luci Carstens, Ph.D., who largely affirmed the opinions of the examining psychologists. The Court finds the ALJ cited specific and legitimate reasons for discounting the opinions of Drs. Wheeler, Krueger, and Wingate, germane reasons for discounting the opinion of nurse practitioner Ms. Smith, and specific evidence for discounting the opinions of Drs. Colby, VanFossen, and Carstens; and these reasons were supported by the contradictory opinions of non-examining doctors Gordon Hale, M.D., JD Fitterer, M.D., Dennis Koukol, M.D., John Gilbert, Ph.D., and Sean Mee, Ph.D., the medical treatment notes, and the record.

Generally, for cases like this one filed before March 27, 2017, more weight should be given to the opinions of treating and examining doctors than to the opinions of doctors who do not treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *see* 20 C.F.R. § 404.1527(c)(2); SSR 96-2p. Here the ALJ favored the opinions of non-examining medical sources Drs. Hale, Fitterer, Koukol, Gilbert, and Mee, over those by examining psychologists

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 3

Drs. Wheeler, Krueger, and Wingate, and by treating nurse practitioner Ms. Smith. The Court therefore examines whether the examining opinions of Drs. Wheeler, Krueger, and Wingate were rejected for specific and legitimate reasons that are supported by substantial evidence, *Lester*, 81 F.3d at 830; whether the opinion of a non-acceptable medical source, such as nurse practitioner Ms. Smith in an application filed prior to March 27, 2017, was rejected for germane reasons, *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014); Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (codified at 20 C.F.R. 404), 2017 WL 168819; and whether the non-examining opinions of Drs. Colby, VanFossen, and Carstens were discounted with reference to specific evidence in the medical record, *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). "The opinion of a nonexamining physician cannot *by itself* constitute substantial evidence that justifies the rejection of the opinion of . . . an examining physician . . . ." *Lester*, 81 F.3d at 830 (emphasis added).

### a. Examining Opinions of Dr. Wheeler

The ALJ discounted four opinions by examining, DSHS psychological evaluator Dr. Wheeler. Tr. 543–46. The ALJ discounted Dr. Wheeler's May 2013 opinion, Tr. 366–70, regarding moderate and marked mental limitations because the opinion was inconsistent with plaintiff's functioning throughout the record and his presentation to treating providers, did not provide a longitudinal view of plaintiff's functioning, and was not consistent with the limitations assessed in Dr. Wheeler's examination. Tr. 543–44. The ALJ discounted Dr. Wheeler's November 2014 opinion, Tr. 468–72, regarding moderate and marked mental limitations because the opinion did not reflect a longitudinal view of plaintiff's functioning, was not consistent with plaintiff's activities (such as playing online video games with friends for hours at a time, interacting with family, and babysitting his niece), and was not consistent with a medical

appointment a month later when plaintiff reported his depression was better and fairly well controlled with increased social interactions. Tr. 544. The ALJ discounted Dr. Wheeler's October 2015 opinion, Tr. 511–15, regarding the degree of plaintiff's mental limitations, such as that plaintiff suffered from marked limitations in performing activities within a schedule, maintaining regular attendance and being punctual with customary tolerances, adapting to changes in a routine work setting, asking simple questions or requesting assistance, and completing a normal workday and work week without interruptions from psychological symptoms. Tr. 545. The ALJ did so because the opined, marked limitations in, for example, plaintiff's ability to ask even simple questions was inconsistent with: plaintiff's presentation at the hearing and medical appointments; his ability to seek DSHS cash and medical benefits throughout the relevant period; the generally unremarkable presentation at primary care medical appointments; his clear and thorough responses to both simple and complex questions, showing himself to be articulate, focused, and requiring little if any redirection; and his presentation at the majority of non-DSHS evaluations. *Id.* The ALJ noted Dr. Wheeler did not explain why plaintiff was unable to ask simple questions such that the inclusion of that limitation called into the question the reliability of the other assessed limitations. *Id.* The ALJ discounted Dr. Wheeler's September 2017 opinion, Tr. 1375–78, regarding moderate and marked mental limitations because the opinion did not reflect a longitudinal view of the record; was inconsistent with the activities during the period at-issue (such as playing online video games with friends for hours at a time, interacting with family, and babysitting his niece); and was inconsistent with the primary care provider treatment records showing that plaintiff generally presented unremarkably. Tr. 545–46.

The Court finds the ALJ stated specific and legitimate reasons supported by substantial evidence for discounting Dr. Wheeler's four opinions. First, as stated by the ALJ in discounting Dr. Wheeler's May 2013 and September 2017 opinions, and applicable to all of Dr. Wheeler's opinions, primary care treatment records generally showed plaintiff has presented unremarkably. Tr. 376, 381, 385, 390, 393, 436, 440, 443, 447, 489, 493, 497, 501, 505, 509, 1066, 1069, 1072, 1074, 1083. Second, as stated by the ALJ in discounting Dr. Wheeler's May 2013 and September 2017 opinions, and applicable to all of Dr. Wheeler's opinions, the severity of mental restrictions assessed by Dr. Wheeler can reasonably be construed as inconsistent with Dr. Wheeler's determinations plaintiff displayed largely normal mental status, including normal speech, organized and goal-directed thinking, normal perception, normal fund of knowledge, normal abstract thinking, intact insight, adequate judgment, and mostly intact memory and concentration. Tr. 369–70, 471–72, 514–15, 1378. Third, as stated by the ALJ in discounting Dr. Wheeler's November 2014 and September 2017 opinions, and applicable to all of Dr. Wheeler's opinions, plaintiff's daily activities can be construed as being inconsistent with the severity of restrictions opined by Dr. Wheeler. The ALJ referred to plaintiff playing videogames for hours with friends, interacting regularly with family members, and babysitting his niece. Tr. 544–46. There are, however, numerous other examples of daily activities that can be construed as suggesting Dr. Wheeler overstated plaintiff's functional limitations: plaintiff was enrolled as a full-time college student in throughout the 2021 to 2022 year, as well as through the fall quarter of the 2022 hearing date, Tr. 570–72; plaintiff attended class in-person, made friends despite his anxiety, was doing well studying accounting, and was enjoying school, Tr. 570–72, 579, 584; in 2019, plaintiff was applying for jobs and attending job interviews, Tr. 1340, 1344, 1350, 1352, 1353, 1355, 1358, 1361, 1393, 1425, 1426, 1428, 1429, 1432, 1435; in 2019, plaintiff was

working as a caregiver for his disabled brother, which included working at least 12 hours per week and taking training/certification classes, as well as reminding his brother to take his medication, occasionally making phone calls for him, and transporting him to appointments, Tr. 569–70, 1416, 1418, 1430; in 2014, plaintiff was babysitting his niece afterschool four days a week, Tr. 487; and plaintiff reported living in an apartment with his brother, driving, grocery shopping, preparing easy meals, spending time on the computer, reading, doing his laundry, playing videogames, and watching TV, Tr. 1034. Fourth, the ALJ could reasonably discount Dr. Wheeler's October 2015 opinion that plaintiff was markedly limited in asking simple questions or requesting service because that limitation was not explained within the opinion, was contradicted by observations of plaintiff's conduct and the record and was contradicted by Dr. Wheeler's other opinions. *Compare* Tr. 513 *with* Tr. 368, 470, 1372. Similarly, in May 2013, Dr. Wheeler opined plaintiff had marked limitations in communicating and performing effectively in a work setting and setting realistic goals and planning independently, Tr. 368; in her other three opinions, she opined that plaintiff had only moderate limitations in those areas, Tr. 470, 513, 1372. Such variability across the different opinions could reasonably be construed as being unexplained and less reliable.

Plaintiff argues the ALJ should not have discounted Dr. Wheeler's opinions based on each of them being one-time visits where he was attempting to obtain State cash and medical visits. *See, e.g.*, Tr. 544. To the extent the ALJ discounted Dr. Wheeler's opinions solely because they were made by an examining doctor for the purpose of determining eligibility for benefits, plaintiff is correct: this would rule out giving credence to any examining opinion sought to assist, rather than to hinder, factfinders in determining disability. The Court finds, however, any such error was harmless because the ALJ's reasoning can be reasonably construed as discounting the

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 7

opinions because Dr. Wheeler did not have an ongoing treatment relationship with plaintiff and the opinion was contradicted by the treatment record. *See* 20 C.F.R. §§ 404.1527(c)(2)(ii), (6), 416.927(c)(2)(ii), (6); *Saelee v. Chater*, 94 F.3d 520, 522–23 (9th Cir. 1996).

### b. Examining Opinion of Dr. Krueger

In January 2014, DSHS psychological evaluator Dr. Krueger opined plaintiff would have mild to moderate limitations in basic mental work activities with marked limitations in communicating and performing effectively in a work setting, completing a normal workday and work week without interruptions from psychological symptoms, and setting realistic goals and planning independently for a duration of six months. Tr. 453. The ALJ discounted Dr. Krueger's opinion that plaintiff would have difficulty communicating as inconsistent with his ability to respond adequately during evaluations and at the hearing level, as well as with unremarkable mental status examinations, including in August 2013 and July 2015, Tr. 544 (citing Tr. 361–70, 393, 451–61, 499–501); the observations reported during the claimant's treatment examinations were inconsistent with the limitations assessed during examinations to obtain State cash assistance and medical benefits, Tr. 544; and just a few months prior to Dr. Krueger's opinion, plaintiff made no allegations of disabling mental limitations and asserted that his physical impairments were the primary barrier to employment, Tr. 544 (citing Tr. 383).

The Court finds the ALJ stated specific and legitimate reasons supported by substantial evidence for discounting Dr. Krueger's opinion. Consistent with largely unremarkable mental status exams set forth *supra* in the discussion of Dr. Wheeler's opinions, Dr. Krueger described plaintiff as

> Quite decent on MSE questions looking at abstraction, reasoning, judgment. Ave range on [Trail Making Test]. Followed instructions well during interview. Decent sense of humor, could converse comfortably (after got used to being in interview setting).

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 8

> Expect he has some decent skills. But also expect he does not make good impression because is so overwgt, his clothing too worn/torn, and socially uncomfortable (does not inspire any confidence)[.]

Tr. 452. Moreover, the record is replete with references to plaintiff's improvement with mental health treatment, including with medication and counseling. Tr. 378, 383, 435, 441, 445, 491, 495, 503, 1227, 1250, 1267, 1277, 1279, 1283, 1391, 1393, 1416–18, 1425–26, 1430–31. As with Dr. Wheeler's opinions, to the extent the ALJ erred by suggesting that any evaluation made for the purposes of receiving benefits should be discredited is rendered harmless by construing the ALJ's opinion as noting that plaintiff's presentation in such evaluations was inconsistent with his presentation to treatment providers in general.

    c.  **Examining Opinion of Dr. Wingate**

In September 2018, DSHS psychological evaluator Dr. Wingate examined plaintiff and opined he had mild to moderate limitations in basic mental work activities with marked limitations in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision; communicating and performing effectively in a work setting; maintaining appropriate behavior in a work setting; and completing a normal workday and work week without interruptions from psychological symptoms. Tr. 1035. The ALJ discounted Dr. Wingate's opinion as an overstatement of plaintiff's moderate and marked limitations because it was a one-time, snapshot of plaintiff's functioning rather than a longitudinal view, was inconsistent with plaintiff's activities, and was inconsistent with primary care provider treatment records showing that plaintiff generally presented unremarkably. Tr. 546.

The Court finds the ALJ stated specific and legitimate reasons supported by substantial evidence for discounting Dr. Wingate's opinion for the same reasons stated *supra* in the discussion of the opinions of Drs. Wheeler and Krueger.

### d. Opinion of Nurse Practitioner Ms. Smith

In November 2014, Tr. 465–67, and September 2017, Tr. 1379–81, treating nurse practitioner Ms. Smith opined plaintiff was capable of sedentary work based on moderate depression, moderate to marked low-back pain, and marked to severe morbid obesity and bilateral foot/knee pain secondary to obesity.[1] The ALJ discounted Ms. Smith's opinions because they were inconsistent with plaintiff's activities, as well as inconsistent with the objective findings, which generally showed normal range of motion and objectively normal physical examinations. Tr. 543.

The Court finds that the ALJ cited germane reasons for discounting Ms. Smith's opinions. In terms of contradictory activities, the vocational expert ("VE") classified plaintiff's babysitting of his niece as medium exertional work performed between sedentary and medium, and caring for his brother as medium exertional work but light as performed. Tr. 587. Plaintiff also walked regularly. Tr. 574, 1034, 1230, 1235, 1376. In terms of objective medical evidence, numerous examinations showed unremarkable physical findings despite plaintiff's morbid obesity. *See, e.g.*, Tr. 376, 381, 385, 390, 393, 436, 439, 443, 447, 497, 508, 509, 1065, 1072, 1074. Plaintiff's arguments to the contrary suggest at best an alternative evaluation of the evidence, which is not a basis for reversal. *Thomas*, 278 F.3d at 954.

---

[1] In the decision, the ALJ mislabeled the November 2014 opinion as occurring in December 2014, and the September 2017 opinion as occurring in September 2014. Tr. 543. The ALJ's description of the contents of those opinions was, however, accurate. Although neither party disputes the authenticity of the September 2014 opinion, it should be noted that it was not signed by Ms. Smith. Tr. 467.

        **e.   Non-Examining Opinions of Drs. Colby, VanFossen, and Carstens**

Plaintiff argues "for the same reasons discussed above [with respect to the opinions of Drs. Wheeler, Krueger, and Wingate], none of the ALJ's reasons for rejecting the opinions of Dr. Colby, Dr. VanFossen, and Dr. Carstens are legitimate. Dkt. 25, at 5 (citing Tr. 544–46). The Court disagrees.

The ALJ discounted Dr. Colby's December 2014 non-examining opinion, Tr. 516–22, that reviewed only two opinions of Drs. Wheeler and an opinion of Dr. Kruger because it was inconsistent for Dr. Colby to refer to the absence of a clear diagnosis of a mental health impairment while also presuming the same impairments, Tr. 545 (citing Tr. 516–19); and the opinion was contradicted by a medical appointment four days later, during which plaintiff reported his depression was better and fairly well-controlled with increased social interactions, Tr. 545 (citing Tr. 495). The Court finds the internal inconsistency of Dr. Colby's opinion is a specific and legitimate reason to discount the opinion because Dr. Colby himself noted that "[a]bsent a clear diagnosis of severe mental illness from an SSA acceptable medical source (as defined by SSA regulations) that also meets a minimum duration of disability criterion of at least 9 months, it is probably premature to assign severity levels and/or define functional limitations of a presumed impairment on the assumption that such a diagnosis has been validly established by an SSA acceptable medical source"; stated that the duration of impairment supported by the overall medical evidence to be "0"; and yet proceeded to find marked impairments. *Compare* Tr. 516–17 *with* Tr. 519. The Court finds the ALJ's citation of a single date upon which plaintiff's mental condition was improved to be less persuasive but that any harmfulness from reliance on a single treatment record is alleviated by the extensive records of plaintiff's mental condition being stable and/or improved, as set forth in the discussion *supra* of Dr. Krueger's opinion. Moreover,

Dr. Colby's opinion may be discounted for the reasons stated in the discussion *supra* of the opinions of Drs. Wheeler, Krueger, and Wingate.

The ALJ discounted Dr. VanFossen's October 2015 opinion, Tr. 521–25, that reviewed three opinions by Dr. Wheeler and the opinion by Dr. Krueger, because it relied upon Dr. Wheeler's opinions and overstated plaintiff's limitations in the same manner as Dr. Wheeler's opinions. Tr. 545. The Court finds the ALJ cited specific and legitimate reasons for discounting Dr. VanFossen's opinion for the same reasons discussed *supra* with respect to Dr. Wheeler's opinions.

The ALJ discounted Dr. Carsten's September 2018 opinion, Tr. 1387–90, that reviewed the opinions of Drs. Wheeler, Krueger, and Wingate and generally affirmed their assessments. Tr. 546. The ALJ did so for the same reasons the opinions of Drs. Wheeler, Krueger, and Wingate were discounted, as discussed *supra*. *Id.* These were specific and legitimate reasons supported by substantial evidence.

    **f.   Non-Examining Opinions of Drs. Hale, Fitterer, Koukol, Gilbert, and Mee**

The entirety of plaintiff's argument about the non-examining opinions of Drs. Hale, Fitterer, Koukol, Gilbert, and Mee is although the ALJ gave only "some weight" to those opinions, "[t]hese opinions are entitled to less weight than the opinions of Dr. Wheeler, Dr. Krueger, Dr. Wingate, and Ms. Smith." Dkt. 16, at 12. Plaintiff does not argue that any aspect of those opinions is incorrect or set out evidence that contradicts them, he asserts generally that if they in any way contradicted the opinions of Dr. Wheeler, Dr. Krueger, Dr. Wingate, and Ms. Smith, they should have been afforded less than "some weight."

The Court has determined the ALJ cited specific and legitimate reasons for discounting the opinions of Drs. Wheeler, Krueger, and Wingate, and germane reasons for discounting the

opinion of Ms. Smith. Plaintiff therefore fails to demonstrate the decision was unsupported by substantial evidence or the result of harmful legal error on the basis of the non-examining opinions of Drs. Hale, Fitterer, Koukol, Gilbert, and Mee being different from those of Drs. Wheeler, Krueger, and Wingate, and that of Ms. Smith. Moreover, having reviewed the opinions of Drs. Hale, Fitterer, Koukol, Gilbert, and Mee, the Court finds no indication the ALJ accepted them in a manner that was unsupported by substantial evidence or as the result of legal error. Tr. 542–43; *see* Tr. 112–14, 125–28, 138–40, 647–50, 670–73, 694–95, 712–14.

### 2. Plaintiff's Testimony

Plaintiff contends the ALJ failed to give specific, clear, and convincing reasons for discounting plaintiff's testimony about his symptoms and limitations. Dkt. 16, at 12–14; *see Lambert v. Saul*, 980 F.2d 1266, 1277 (9th Cir. 2020). The Court disagrees.

The ALJ discounted plaintiff's testimony about the severity of his physical and mental limitations because the testimony was inconsistent with the medical record, his daily activities, and his own statements. Tr. 536–47. As discussed earlier, the ALJ reasonably found plaintiff demonstrated fewer mental limitations with counseling and medication, displayed largely unremarkable results in physical and mental examinations and throughout the treatment record, and participated in daily activities that contradicted his subjective account about the severity of his symptoms. Moreover, plaintiff testified at the hearing that the main thing keeping him from performing full-time work was his "physical abilities." Tr. 573; *see also* Tr. 383 (patient telling counselor that he felt increased anxiety due to increased financial obligations because "he is only qualified for physical labor jobs, but does not feel he could actually do physical labor because of his size").

The ALJ cited specific, clear and convincing reasons for discounting plaintiff's testimony that are not undermined by plaintiff's alternative interpretation of the evidence. Plaintiff fails to establish that in evaluating plaintiff's testimony the ALJ failed to support the decision with substantial evidence or committed harmful legal error.

### 3. Lay Evidence

Plaintiff contends the ALJ erred when considering the November 2015 statement of his sister, Tr. 353–57, and by not discussing observations from an SSA employee, Tr. 299. Dkt. 16, at 15–17. The Court finds any error committed was harmless.

The ALJ discounted the testimony of plaintiff's sister because it was a lay opinion "based upon casual observation, rather than objective medical evidence." Tr. 546. This was legal error because the ALJ's blanket negation of non-medical lay testimony would eliminate the obligation to consider lay witness testimony concerning a claimant's ability to work. *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009). The error was, however, harmless because the ALJ reasonably cited clear and convincing reasons for discounting plaintiff's largely duplicative subjective complaints. Such clear and convincing reasons qualify as germane reasons for discounting the lay testimony of plaintiff's sister. *See Valentine v. Comm'r of SSA*, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff argues the ALJ erroneously failed to address a statement made by an SSA interviewer: "Claimant was very antsy and was moving all the time, he talked in[c]es[sa]ntly and appeared very agitated." Tr. 298. The ALJ did not err by failing to discuss this statement because it is neither significant nor probative of plaintiff's functional limitations. *See Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (An ALJ is "not required to discuss evidence that is neither significant nor probative."); *see, e.g.*, *Michelle M. v. Comm'r of Soc. Sec.*, 2020 WL

6074460, at *6 (W.D. Wash. Oct. 13, 2020) (concluding that the observations of agency personnel "were based upon brief encounters with Plaintiff, and were intended to gather basic information about Plaintiff's condition, not to provide testimony about her functional limitations"). Thus even if the ALJ should have discussed the SSA interviewer's statement, any error in failing to do so was harmless.

The Court finds plaintiff has failed to demonstrate that the ALJ harmfully erred by discounting the lay testimony of plaintiff's sister and by failing to discuss the SSA interviewer's statement.

### 4. RFC Assessment and Step Five

Plaintiff contends the ALJ erred in assessing RFC and in the step five analysis because the RFC did not include all the limitations in the findings of Drs. Wheeler, Krueger, Wingate, and Ms. Smith, or the limitations described by himself and by his sister. The Court has determined the ALJ did not harmfully err in evaluating the medical opinion evidence, plaintiff's testimony, and the lay testimony. This derivative argument therefore also fails.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

DATED this 27th day of November, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge